UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ARTHUR M. WILLIAMS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:12-CV-1803 JAR |
| v. | ) ) ) | |
| CHASE HOME FINANCE, LLC, AMERICAN EQUITY MORTGAGE, INC., TERRY DAVIS, AND DOES 1-20 | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Chase Home Finance, LLC's Motion to Dismiss (ECF No. 11), Defendant American Equity Mortgage, Inc.'s Motion to Dismiss Plaintiffs' Complaint (ECF No. 19), Defendant Terry Davis' Motion to Dismiss Plaintiffs' Complaint or in the Alternative, Quash Service of Process (ECF No. 23), and this Court's Show Cause Order (ECF No. 26), dated February 13, 2013. The motions to dismiss are fully briefed and ready for disposition.

## BACKGROUND

This action involves a dispute regarding who has the right to receive mortgage payments from Plaintiffs pursuant to a Deed of Trust which encumbers Plaintiffs' real property located in St. Louis County, Missouri ("Subject Property"). (Plaintiffs' Complaint (hereinafter "Complaint" or "Compl."), ECF No. 1, ¶1). On October 23, 2004, Plaintiffs signed a promissory note ("Note") for a loan they received from American Equity Mortgage, Inc. ("AEM"). (Compl., ¶9). As security for the Note, Plaintiffs also signed the Deed of Trust in which AEM was named

as a beneficiary. (Id., ¶¶5, 10).[1]  Plaintiffs allege that Chase Home Finance LLC ("Chase") has been the "purported servicer" on Plaintiff's account with AEM. (Id., ¶11). Plaintiffs have made payments to Chase in accordance with monthly statements provided by Chase. (Id.).

Plaintiffs, after becoming aware of media regarding mortgage fraud, questioned the validity of their Deed of Trust and the underlying Note. (Id., ¶13). On August 17, 2012, AEM responded to Plaintiffs' inquiry with a letter from its "Policy & Risk Specialist," Matthew Whitehead. (Id., ¶15). Therein, AEM disclaimed any interest in or lien against the Subject Property. (Id., ¶15). Plaintiffs claim that there exists a controversy regarding who can lay lawful claim on the Deed of Trust. (Id., ¶17). As a result, Plaintiffs brought this action against all Defendants for Quiet Title (Count I), Declaratory Relief (Count II), Injunctive Relief (Count III), Negligence Per Se (Count IV), and Accounting (Count V).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008)(citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P.

---

[1] "Generally, a mortgage loan consists of a promissory note and security instrument, usually a mortgage or a deed of trust, which secures payment on the note by giving the lender the ability to foreclose on the property." Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009); In re Box, No. 10-20086, 2010 Bankr. LEXIS 1637, at *5 (Bankr. W.D. Mo. June 3, 2010).

12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. Motions To Dismiss

A. Terry Davis[2]

"'[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) (quoting Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45, 66 S.Ct. 242, 90 L.Ed. 185 (1946)). Thus, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Id.; see also Rasor v. Fed. Bureau of Prisons, CIV.05-981(DWF/FLN), 2006 WL 1174221, at *2 (D. Minn. May 1, 2006)("Defects in service of process are jurisdictional in nature. If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.").

Davis asserts that the Complaint against him must be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) because the service of process against him was improper. (ECF No. 24). Instead of serving Davis personally, Plaintiffs served Defendant American Equity Mortgage ("AEM"),

---

[2] Terry Davis is the Trustee for the Deed of Trust. (Compl., ¶7).

Davis's former employer. Davis contends that this purported service does not satisfy any of the requirements set forth in Fed.R.Civ.P. 4(e).

Plaintiffs do not respond to Davis's contention that service on him was improper. (ECF No. 27). The Court finds that Plaintiffs' attempted service of process on Davis was ineffective. Where service is deemed ineffective, the district "court has discretion to either dismiss the action, or quash service but retain the case." Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998)(citing Haley v. Simmons, 529 F.2d 78, 78 (8th Cir.1976)). Accordingly, the Court quashes service on Davis. Plaintiffs are given sixty (60) days to obtain proper service on Davis or the case will be dismissed without prejudice as to Defendant Davis.

B. Chase's and AEM's Motions to Dismiss

1. Count 1—Quiet title

"To state a cause of action to quiet title, a plaintiff must allege: (1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff." In re Shelton, 481 B.R. 22, 33 (Bankr. W.D. Mo. 2012)(citing Hess v. Wells Fargo Home Mortgage, 4:12CV22 TIA, 2012 WL 872752, at *2 (E.D. Mo. Mar. 14, 2012)). "Plaintiffs must plead facts showing they, in fact, have a superior title to the property at issue.'" Hess, 2012 WL 872752, at *2 (quoting Dufrenne v. CitiMortgage, Inc., No. 4:09CV1524 HEA, 2009 WL 5103275, at *3 (E.D.Mo. Dec. 17, 2009)).

In its Motion to Dismiss, Chase asserts that Plaintiffs' Complaint fails to state a claim because Plaintiffs do not allege any facts to support their conclusory allegations. (ECF No. 12, p. 4). Rather, Chase contends that Plaintiffs simply recite the elements of the claim. Chase further notes that Plaintiffs admit that they "paid to CHASE substantial monies pursuant to the Note, the

[Deed of Trust] and monthly statements from CHASE." (Compl., ¶11). In addition, Chase claims that Plaintiffs' allegations are based upon the false assumption that Chase does not have an interest in the Subject Property. Chase points to the Deed of Trust, attached to the Complaint and thus deemed part of the pleadings, which provides "[t]he Note or a partial interest in the Note (together with the Security Interest) can be sold one or more times without prior notice to the Borrower." (ECF No. 12, p. 7; Deed of Trust, ¶ 20, ECF No. 1–1). Chase maintains that "Plaintiffs cannot presume that Chase has no interest in the Property or that it improperly collects mortgage payments merely because Chase was not named in the Deed of Trust." (ECF No. 12, p. 7).

With respect to Chase, the Court finds that Plaintiffs satisfy the burden of alleging that they have a superior title to Chase. Cf. Hess, 2012 WL 872752, at *3 ("Plaintiffs must at least plead some plausible facts showing that they have superior title for the Court to accept as true the allegations in the [Complaint]."). Plaintiffs assert that Defendants "have no legal or equitable right, claim or interest in the Subject Property." (ECF No. 12, p. 4)(citing Compl., ¶22). Plaintiffs claim that Chase does not possess the original Note or Deed of trust and, therefore, has no right to receive payments and exercise rights related to ownership of the Note. (ECF No. 27, p. 2).[3] Plaintiffs also claim that they are the owners of the Subject Property and have an adverse

---

[3] Plaintiffs' allegations are similar to the often litigated "show-me-the-note" theory, which argues the holder of legal title to a mortgage cannot foreclose if he is unable to produce the underlying promissory note. Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1030 (8th Cir. 2012), as corrected (Nov. 28, 2012); Kent v. Bank of Am., N.A., CIV. 11-2315 JRT/LIB, 2012 WL 3582717 (D. Minn. Aug. 17, 2012)("This show-me-the-note argument is, in short, that a mortgage is not valid (and cannot be foreclosed upon) unless the mortgagee holds the note secured by the mortgage."). Unlike the show-me-the-note cases, however, in this case the Plaintiffs allege that Defendants are without any rights "whatsoever and that Defendants have no legal or equitable rights, claim, or interest in the Subject Property." (Compl., ¶22). In addition, Chase has not provided the Court with any evidence that the Deed of Trust has been assigned or that it is the holder of legal title for the Subject Property. Cf. Hess, 2012 WL 872752 (defendant

interest to Chase. (Compl., ¶16). Plaintiffs argue that "[i]f no party can come forth to prove a perfected security interest in [the Deed of Trust], Plaintiff shall move this Court to declare the [Deed of Trust] null and void." (Compl., ¶18). Conversely, Plaintiffs do not allege nor is there evidence to support a finding that the Note and/or Deed of Trust were sold to Chase.[4] Plaintiffs (and the Court) are not required to assume that the Note has been assigned or sold on a motion to dismiss. The Court finds that Plaintiffs have alleged all of the elements of a quiet title claim against Chase and, therefore, the Court denies Chase's Motion to Dismiss with respect to this claim.

On the other hand, Plaintiffs allege that AEM disclaims any interest in the Subject Property. Plaintiffs allege that "AEM is not servicing any loan for [Subject Property] nor servicing any property under the names SHONTAE S. WILLIAMS and ARTHUR M WILLIAMS. Furthermore, AEM has NO LIEN INTEREST in the property…" (Compl., ¶15). The Court dismisses Count I as to AEM because Plaintiffs have not alleged that AEM asserts any interest in the Subject Property. See <u>Cridlebaugh v. CitiMortgage, Inc.</u>, 12-6078-CV-SJ-ODS, 2012 WL 6000294, at *2 (W.D. Mo. Nov. 30, 2012)(dismissing the quiet title action against Fannie Mae because "Fannie Mae does not claim any interest or right in Plaintiffs' property and Plaintiffs do not allege Fannie Mae currently has any right or interest in Plaintiffs' property").

2. Count 2—Declaratory Relief

---

provided evidence that MERS sold the Deed of Trust to Wells Fargo); <u>Overton v. Wells Fargo Bank, N.A.</u>, 4:11CV1957 JAR, 2012 WL 2326117 (E.D. Mo. June 19, 2012)("evidence of Wells Fargo's ability to enforce the Note is established by the documents attached to Plaintiff's Amended Complaint"). Without any allegation that Chase holds the note and/or the mortgage to the Subject Property, the Court cannot grant Defendants' motions to dismiss based upon the show-me-the-note line of cases.

[4] While Chase may have purchased and/or been assigned the Note from AEM, evidence of such a transaction is not before the Court on the motion to dismiss.

In the second cause of action for declaratory relief, Plaintiff requests a judicial determination and declaration of the parties' respective rights and duties, specifically that Chase possesses no ownership interest or right to demand mortgage payments concerning the Subject Property. (Compl., ¶29).

Chase asserts that Plaintiffs' claim for declaratory relief should be dismissed because "Plaintiffs fail to make any factual allegations to support its [sic] demand for relief." (ECF No. 12, p. 4). Chase contends that "[t]he Complaint does not contain a single fact to support Plaintiffs' theory that Chase has no ownership interest or right to demand mortgage payments." (Id.). As previously discussed, the Court disagrees with Chase's analysis and finds that Plaintiffs have pleaded facts to support their claim for declaratory relief. Plaintiffs assert that AEM has no interest in the Note, that Chase has been collecting payment from Plaintiffs, and that Plaintiffs are the owners of the Subject Property. There is no allegation or evidence before the Court that Chase has an ownership interest in the property. For these reasons, the Court denies Chase's Motion to Dismiss Count 2.

The Court, however, grants AEM's Motion to Dismiss Count 2. AEM has disclaimed any interest in the Subject Property. Therefore, there is no controversy regarding whether AEM has an ownership interest in the Subject Property and no basis for a declaratory judgment claim.

3. Count 3—Injunctive Relief

The Eighth Circuit outlined factors to consider in determining "whether to grant or deny preliminary injunctive relief: (1) whether there is a substantial probability movant will succeed at trial; (2) whether the moving party will suffer irreparable injury absent the injunction; (3) the harm to other interested parties if the relief is granted; and (4) the effect on the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 112 (8th Cir. 1981).

In their Complaint, Plaintiffs ask the Court to enjoin Chase from attempting to collect further payments from them under the Note until Chase provides the original Note with the appropriate endorsements. (Compl., ¶¶31-36). Plaintiffs claim that Chase should not be permitted to continue collecting payments or to commence foreclosure proceedings. (Id.).

In its motion to dismiss, Chase contends that Plaintiffs' claim for injunctive relief should be dismissed because it is not ripe with respect to Plaintiffs' allegation of foreclosure. (ECF No. 12, p. 5). Chase urges that the Complaint contains no allegation that there is a pending foreclosure action for the Court to enjoin. In addition, Chase asserts that Plaintiffs have not provided factual allegations supporting their request for injunctive relief regarding Chase's right to collect mortgage payments or to foreclose on the property if Plaintiffs fail to remit mortgage payments.

The Court agrees that Plaintiffs have not alleged that Chase is seeking foreclosure and, therefore, any request to enjoin foreclosure is premature. However, the Court finds that Plaintiffs have alleged facts to state a claim for injunctive relief with respect to Chase's collection of mortgage payments. As previously stated, Plaintiffs allege in the Complaint that they are the owners of the Subject Property and that Chase has no right to demand payments pursuant to the Note. Under the standard for a motion to dismiss, the Court finds that Plaintiffs have alleged facts to support a claim for injunctive relief regarding any attempt by Chase to collect, and Plaintiffs' failure to remit, mortgage payments. The Court denies Chase's motion to dismiss with respect to Count 3.

As an additional matter, Count 3 for preliminary injunction does not appear to be directed in any manner at AEM, although the caption indicates it is against "all Defendants." Because it does not appear that Plaintiffs seek any injunctive relief against AEM, the Court dismisses Count 3 against AEM.

4. Count 4—Negligence Per Se

In Count 4, Plaintiffs allege that "Defendants, including AEM and CHASE, acting as Plaintiffs' lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper and adequate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting, and servicing of loan records, including, but not limited [to], accurate crediting of payments made by Plaintiff[s]." (Compl., ¶38). Plaintiffs further allege that "Defendants' actions and ongoing behavior are and have been in direct violation of federal and state statutes, rules and regulations and accordingly constitute negligence per se." (Id., ¶39). Finally, Plaintiffs assert that "[i]n perpetrating the failures alleged above, and in failing to take the required actions as alleged above, the Defendants breached their duty of care and skill to Plaintiffs in serving Plaintiffs' loan. Among other things, Defendants failed to properly and accurately notify Plaintiffs about changes concerning the loan and its owners and failed to execute and file the proper documentation to assign and/or sell the note and/or its attendant [Deed of Trust.]" (Id., ¶40).

The elements of a claim for "negligence per se" under Missouri law are: 1) violation of a statute or ordinance; 2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or ordinance; 3) the injury complained of was of the kind the statute or ordinance was designed to prevent; and 4) the violation of the statute or ordinance was the proximate cause of the injury. I.S. v. Washington Univ., 4:11CV235SNLJ, 2011 WL 2433585 (E.D. Mo. June 14, 2011)(citing Lowdermilk v. Vescovo Building & Realty Co., 91 S.W.3d. 617, 628 (Mo.App.2002)).

Chase argues that Plaintiffs' negligence per se claim fails because it does not identify any specific statute, rule, or regulation that Chase has violated. (ECF No. 12, p. 6). Chase also

contends that Plaintiffs allege no "failures" (Compl., ¶40) from which liability can arise. (ECF No. 12, p. 6).

Similarly, AEM argues that Plaintiffs fail to specify which, if any, statutes, rules and regulations AEM allegedly violated. (ECF No. 20, p. 7). In addition, AEM contends that Plaintiffs' allegations that AEM failed to properly notify Plaintiffs regarding the sale of the loan are unfounded based upon the express language of the Deed of Trust. (Id.). The Deed of Trust explicitly provides that it can be sold "without prior notice to the Borrower." (Id. (citing ECF 1-1, p. 11, ¶20)).

The Court agrees that Plaintiffs fail to state a claim for negligence per se because they have failed to identify a statute or ordinance that Chase and/or AEM allegedly violated. The Court, however, will allow Plaintiffs to file an amended complaint to attempt to correct this pleading deficiency. Plaintiffs shall file an amended complaint within ten (10) days that specifically identifies any statute or ordinance that they allege Chase and/or AEM violated.

### 5. Count 5—Accounting

"To obtain equitable jurisdiction for an accounting a plaintiff must establish: '1) the need of discovery, 2) the complicated nature of the accounts, 3) the existence of a fiduciary or trust relationship, and 4) the inadequacy of legal remedies.'" Boxes of St. Louis Inc. v. Davolt, 4:09CV922 RWS, 2010 WL 575757 (E.D. Mo. Feb. 12, 2010)(quoting Bossaler v. Red Arrow Corp., 897 S.W.2d 629, 630 (Mo.Ct.App.1995)).

Chase asserts that "Plaintiffs make no factual allegations as to why an accounting is proper in this case or why a legal remedy is insufficient." (ECF No. 12, p. 6). Likewise, AEM maintains that "Plaintiffs have made absolutely no attempt to establish these elements, and in fact, have failed to state any claim against Plaintiffs." (ECF No. 20, p. 7). The Court agrees that

Plaintiffs have failed to allege the elements of a cause of action for accounting against the Defendants, particularly the inadequacy of legal remedies. Therefore, the Court dismisses Count 5 for failure to state a claim.

**II.     Show Cause Order**

On February 13, 2013, the Court issued a show cause order. (ECF No. 26). Therein, the Court ordered Plaintiffs to respond to Defendants' motions to dismiss, which Plaintiffs have done. In addition, the Court noted that Plaintiffs have not identified or served Defendants Does 1 through 20. The Court, therefore, ordered Plaintiffs to show cause why this action should not dismissed without prejudice as to Defendants Does 1 through 20, no later than February 27, 2013. Plaintiffs never responded to the Court's show cause order with respect to Defendants Does 1 through 20. Consequently, the Court dismisses Defendants Does 1 through 20 without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Chase Home Finance, LLC's Motion to Dismiss [11] and Defendant American Equity Mortgage, Inc.'s Motion to Dismiss Plaintiffs' Complaint [19] are **DENIED**, in part, and **GRANTED**, in part. Plaintiffs shall file an amended complaint within ten (10) days regarding their negligence per se claim.

**IT IS FURTHER ORDERED** that Defendant Terry Davis' Motion to Dismiss Plaintiffs' Complaint or in the Alternative, Quash Service of Process [23] is **GRANTED**, in part. Service on Terry Davis is **QUASHED**. Plaintiffs are granted sixty (60) days to obtain service on Terry Davis.

**IT IS FURTHER ORDERED** that Does 1-20 are **DISMISSED** without prejudice.

Dated this 27th day of June, 2013.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**